```
Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone: +1.310.788.9900
Facsimile:  +1.310.788.3399

Attorneys for Defendant
Dolce & Gabbana USA, Inc.
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DOLCE & GABBANA USA, INC.,<br><br>　　　　　Defendant. | Case No. 2:24-cv-00316<br><br>**DEFENDANT DOLCE & GABBANA USA, INC.'S NOTICE OF REMOVAL**<br><br>[Removed from the Superior Court of the State of California for the County of Los Angeles, Case No. 23STCP04488]<br><br>Complaint Filed: December 13, 2023 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Dolce & Gabbana USA, Inc. ("Defendant" or "Dolce & Gabbana") hereby removes this civil action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California under 28 U.S.C. §§ 1332, 1441, and 1446. Diversity jurisdiction exists because there is complete diversity and the amount in controversy exceeds $75,000.

-1-

32939025.2

NOTICE OF REMOVAL

## I.     INTRODUCTION

1. Plaintiff filed this action on December 13, 2023, in the Superior Court of the State of California, County of Los Angeles, Case No. 23STCP04488.  A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. Plaintiff asserts claims for trademark infringement, trademark dilution, and vicarious liability for alleged misrepresentation by employee arising out of an alleged implied partnership or affiliation created between Plaintiff and Defendant after Plaintiff purchased a Dolce & Gabbana jacket.  *See* Ex. A.

## II.     THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

3. This action is removable under 28 U.S.C. § 1441 because this Court would have original jurisdiction under 28 U.S.C. § 1332 had Plaintiff filed this action initially in federal court.  Plaintiff and Defendant are not citizens of the same state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.     Complete Diversity Exists

4. Plaintiff is a resident of California.  Ex. A, p. 8.

5. Dolce & Gabbana is a Delaware corporation with its principal place of business in New York, New York.  For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business."  28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).  Dolce & Gabbana is therefore a citizen of Delaware and New York.

6. Complete diversity exists and removal is proper because Plaintiff is a citizen of California and Dolce & Gabbana is a citizen of Delaware and New York.

### B.     The Amount in Controversy Exceeds $75,000

7. Plaintiff does not assert a specific value for their claim on the face of the Complaint.  The Court should conclude based on Plaintiff's Complaint that Plaintiff's claims involve an amount in controversy in excess of $75,000, exclusive

of interest and costs.

8.  "Where it is 'unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'" *Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 998 (C.D. Cal. 2021) (quoting *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018)).  In assessing the amount in controversy, the court must "'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Id.* (quoting *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012)).  The removing party need only provide a short and plain statement setting forth plausible allegations that the amount in controversy exceeds the jurisdictional threshold.  *Dart Cherokee Basic Operating Co. v. Owens*, 574 U.S. 81, 87 (2014).

9.  Here, Plaintiff filed an unlimited civil case seeking "[c]ompensatory and punitive damages for the interruption and potential loss to her business to be determined at trial." Ex. A, p. 12.  Plaintiff claims that the prospective business they had purportedly initiated as a result of Defendant's alleged actions "was projected to yield substantial profits, estimated at $70,000,000.00." *Id.* at 8.  Even if Plaintiff's projected profits were only a small fraction of those claimed, their claimed damages would be well in excess of the $75,000 requirement for diversity jurisdiction.  Additionally, Plaintiff seeks injunctive relief requiring Defendant to donate 10,000 purses, which can range in price from $1,300 to upwards of $5,000, or more depending on the materials.  Even if only this relief were to be granted, the amount in controversy would greatly exceed the jurisdictional requirement.  Dolce & Gabbana has therefore satisfied its burden to establish that the amount in controversy exceeds $75,000.

/ / /

32939025.2

NOTICE OF REMOVAL

10. By the statements contained in this Notice of Removal, Dolce & Gabbana does not concede that Plaintiff is entitled to any damages.

### III. THIS CASE IS REMOVABLE UNDER FEDERAL QUESTION JURISDICTION

11. This case is also removable under 28 U.S.C. § 1441 because this Court would have original jurisdiction under 28 U.S.C. § 1331 had Plaintiff filed this action initially in federal court because Plaintiff expressly pleads that "[f]or this case, both the federal Lanham Act and California state trademark laws are relevant." Ex. A, p. 10.

12. As Plaintiff acknowledges in their Complaint, Plaintiff's second cause of action for trademark dilution "is actionable under both federal and state law." *Id.* Where a plaintiff's complaint facially pleads a violation of federal rights, even where the cause of action is not formally identified as one arising under a particular federal statute, the plaintiff's claims nonetheless arise under federal law. *See Huffman v. Lindgren*, 81 F.4th 1016, 1020 (9th Cir. 2023).

13. Here, Plaintiff even identifies the federal law at issue—"the federal Lanham Act"— and alleges that their claim is "actionable under…federal…law." Ex. A, p. 10.

14. The case is therefore also removable under federal question jurisdiction.

### IV. ALL SERVED DEFENDANTS CONSENT TO REMOVAL

15. Dolce & Gabbana is the only defendant in this action. Dolce & Gabbana consents to removal. *See* 28 U.S.C. § 1446(b)(2)(A).

### V. THIS FILING IS TIMELY

16. Plaintiff filed its Complaint on December 13, 2023. *See* Ex. A, p. 7.

17. Dolce & Gabbana was served with and first received the Complaint on December 15, 2023. A copy of the Proof of Service is attached as Exhibit D.

18. Accordingly, this Notice of Removal is timely because Dolce &

Gabbana filed it within 30 days after its receipt of the Complaint.  28 U.S.C. § 1446(b)(1).

## VI.  VENUE OF REMOVED ACTION

19.   The Central District of California is the United States district court for the district and division embracing the state court where this action was filed and is pending.  Venue is proper in this Court under 28 U.S.C. § 1441(a).

## VII.  NOTICE TO THE STATE COURT

20.   A copy of this Notice of Removal is being served on all served parties and filed with the Superior Court of the State of California, County of Los Angeles, where this case was originally filed.  28 U.S.C. § 1446(d).

## VIII.  PLEADINGS IN THE STATE COURT ACTION

21.   All process, pleadings, and orders served upon Dolce & Gabbana in this action, other than the Complaint, are attached as Exhibit B.  28 U.S.C. § 1446(a).  A true and correct copy of the Los Angeles Superior Court docket for this action is attached as Exhibit C.

## IX.  NON-WAIVER OF DEFENSES

22.   Dolce & Gabbana expressly reserves all of its defenses.  By removing the action to this Court, Dolce & Gabbana does not waive any rights or defenses available under federal or state law.  Dolce & Gabbana expressly reserves the right to move for dismissal of the Complaint under Federal Rule of Civil Procedure 12.  Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit.

WHEREFORE, Dolce & Gabbana hereby removes the above-entitled case to this Court.

| | |
|---|---|
| Dated: January 12, 2024 | **PERKINS COIE LLP** |
| | By: /s/ Katherine M. Dugdale |
| | Katherine M. Dugdale |
| | Attorneys for Defendant Dolce & Gabbana USA, Inc. |